UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIO A. WILLIAMS,<br><br>Petitioner,<br><br>v.<br><br>RON DAVIS, Warden,<br><br>Respondent. | Case No. 18-cv-04468-YGR (PR)<br><br>**ORDER DISMISSING PETITION FOR A WRIT OF HABEAS CORPUS** |

## I. INTRODUCTION

Petitioner, a state prisoner currently incarcerated at San Quentin State Prison, has filed a *pro se* petition for a writ of habeas corpus under 28 U.S.C. § 2254, alleging improper exclusion from parole consideration under Proposition 57. He also seeks leave to proceed *in forma pauperis* ("IFP") under 28 U.S.C. § 1915.

## II. BACKGROUND

In 2007, Petitioner was convicted by a jury in Los Angeles County Superior Court of battery with serious bodily injury, assault with force likely to produce great bodily injury, and mayhem. On September 24, 2007, the court sentenced Petitioner to 22 years in state prison. Petitioner unsuccessfully appealed, and sought collateral relief from, his conviction and sentence in the California courts.

## III. DISCUSSION

### A. Standard of Review

This Court may entertain a petition for a writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). It shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted unless it appears from the application that the applicant or person detained is not entitled thereto." *Id.* § 2243. The petition may be dismissed if it plainly appears from the face of the petition and any exhibits attached to it that the petitioner is not entitled to relief. *Hendricks v.*

*Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990).

**B.     Claims & Analysis**

Petitioner does not challenge his state conviction or sentence, but rather asserts his eligibility to be considered for early parole as a non-violent offender pursuant to Proposition 57. Dkt. 1 at 5, 11.  In essence, he seems to be claiming that "non-violent offenders" like himself are eligible for parole consideration and release under Proposition 57, but that the California Department of Corrections and Rehabilitation ("CDCR") continues to exclude them. *Id.* at 11.

California's Proposition 57, approved by voters in November 2016, makes parole more available for certain felons convicted of nonviolent crimes.  Specifically, Proposition 57 added Article I, section 32 to the California Constitution.  That section provides, in relevant part, "Parole consideration: Any person convicted of a nonviolent felony offense and sentenced to state prison shall be eligible for parole consideration after completing the full term of his or her primary offense," defined for these purposes as "the longest term of imprisonment imposed by the court for any offense, excluding the imposition of an enhancement, consecutive sentence, or alternative sentence." Cal. Const., art. I, § 32(a)(1).

Proposition 57 only provides a prisoner who has completed his base term with a parole consideration hearing before the California Board of Parole Hearings ("BPH").  California state court cases addressing application of Proposition 57 "uniformly state that Proposition 57 creates a mechanism for parole consideration, not a vehicle for resentencing, and does not entitle [a prisoner] to seek relief in court in the first instance." *Daniels v. Cal. Dep't of Corr. and Rehab.*, No. 1-17-cv-01510-AWI-BAM, 2018 WL 489155, at *3 (E.D. Cal. Jan. 19, 2018); *see also Travers v. California*, No. 3:17-cv-06126-SI, 2018 WL 707546, at *2 (N.D. Cal. Feb. 5, 2018) (citing California state court cases).  After all, the plain language of Article I, section 32 provides that a person is eligible for "parole consideration." Cal. Const., art. I, § 32(a)(1).

To the extent Petitioner seeks federal habeas relief based on a claim that the CDCR is improperly excluding him from parole consideration under Proposition 57, the claim must be brought in a civil rights action under 42 U.S.C. § 1983, if it may be brought in federal court at all.

Under the law of the circuit, a prisoner's claim which, if successful, will not necessarily

2

lead to immediate or speedier release from custody falls outside the "core of habeas corpus" and must be pursued (if at all) in a civil rights action under section 1983, rather than in a habeas action. *Nettles v. Grounds*, 830 F.3d 922, 931, 934-35 (9th Cir. 2016) (en banc). Here, success on a claim that CDCR is improperly excluding Petitioner from parole consideration under Proposition 57 would result in Petitioner receiving a parole consideration hearing before BPH, but not necessarily in his immediate or speedier release from custody. Petitioner still must be found suitable for parole before he may be released from state prison. *Cf. id.* at 934-35 (habeas not proper remedy to challenge disciplinary finding where reversal of finding would not necessarily lead to grant of parole (and consequently speedier release), because many factors are considered in decision whether to grant parole and parole could still be denied if disciplinary finding was reversed). Under *Nettles*, Petitioner's only potential recourse in federal court on a claim of improper exclusion from parole consideration under Proposition 57 is to file a section 1983 action because the claim falls outside the core of habeas corpus. *Accord Travers*, 2018 WL 7070546, at *8 (concluding that claim to enforce rights under Proposition 57 must be brought in civil rights action under section 1983, if it may be brought in federal court at all).[1]

## IV. REQUEST FOR EVIDENTIARY HEARING

Petitioner has requested an evidentiary hearing on his claims. Dkt. 1 at 1. The Court concludes that no additional factual supplementation is necessary, and that an evidentiary hearing is unwarranted with respect to the claims raised in the instant petition.

For the reasons described above, the facts alleged in support of these claims, even if established at an evidentiary hearing, would not entitle Petitioner to federal habeas relief. Further, Petitioner has not identified any concrete and material factual conflict that would require the Court to hold an evidentiary hearing in order to resolve. *See Cullen v. Pinholster*, 563 U.S. 170 (2011). Therefore, Petitioner's request for an evidentiary hearing is DENIED.

---

[1] A district court ***may*** construe a habeas petition as a civil rights complaint under section 1983 if the petition is amenable to conversion on its face, meaning that it names the correct defendants and seeks the correct relief, and the court notifies and obtains informed consent from the prisoner. *See Nettles*, 830 F.3d at 935-36. Such is not the case here.

## V. CONCLUSION

For the foregoing reasons, the petition for a writ of habeas corpus is DISMISSED without prejudice to pursuing a civil rights action under section 1983. And pursuant to Rule 11 of the Rules Governing Section 2254 Cases, a certificate of appealability ("COA") under 28 U.S.C. § 2253(c) is DENIED because it cannot be said that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Based solely on Petitioner's affidavit of poverty, his motion for leave to proceed IFP is GRANTED. Dkt. 2.

The Clerk of the Court shall send Plaintiff a blank civil rights form along with a copy of this Order.

This Order terminates Docket No. 2.

IT IS SO ORDERED.

Dated: August 9, 2018

_____
YVONNE GONZALEZ ROGERS
United States District Judge